UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELDON HUFFINE, | ) CASE NO. C07-1502-RSM |
| Plaintiff, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| THOMAS OLSON, et al., | ) |
| Defendants. | ) |

Plaintiff is currently incarcerated at the Federal Detention Center in SeaTac, Washington. He has submitted to this Court for review a civil rights complaint under 42 U.S.C. § 1983 and an application for leave to proceed with this action *in forma pauperis*. Plaintiff asserts in his complaint that the named defendants have conspired to deprive him of his right of access to the courts of the State of Montana in violation of both the Montana and the United States constitutions. (*See* Dkt. No. 1 at 1-2.) The eighteen named defendants are apparently all employees of the State of Montana. (*See* Dkt. No. 5 at 1.)

It does not appear from plaintiff's papers that any of the events giving rise to his claims occurred in the Western District of Washington. Moreover, it does not appear that any of the

REPORT AND RECOMMENDATION
PAGE -1

named defendants reside in the Western District of Washington.[1] Accordingly, venue is not proper in this District. *See* 28 U.S.C. § 1391(b). When a case is filed in the wrong district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In this Court's view, it would not be in the interests of justice to transfer this action to the district in which it should have been brought; *i.e.*, the District of Montana.

In order to sustain a civil rights action, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). While plaintiff alleges that defendants have violated his state and federal constitutional rights, he offers no facts whatsoever to support his claims. Given the conclusory nature of plaintiff's claims, and given plaintiff's well documented history of filing frivolous actions in the District of Montana, *see In re Seven Complaints Submitted by ELDON HUFFINE*, CV06-20-BU-DWM/CV06-11-H-DWM (D. Mont. Mar. 30, 2006), dismissal, rather than transfer, is warranted here.

Accordingly, this Court recommends that this action be dismissed and that plaintiff's application to proceed *in forma pauperis* be denied as moot. A proposed Order accompanies this

---

[1] In fact, it appears likely that the reason plaintiff elected to file the instant action in this District is to circumvent filing restrictions imposed upon him in the District of Montana.

01 Report and Recommendation.

02    DATED this 14th day of November, 2007.

                                    _____
                                    Mary Alice Theiler
                                    United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -3